Green, J.
delivered the opinion of the court.
The bill alledges, that on 1st of September-, 1836, David Looney executed a note signed David Looney & Co. to John Caruthers, 2f40 dollars 34 cents, and payable 1st of January, 1837.
John Caruthers had died, and the defendant is his administrator. Suit has been instituted in the Circuit Court of Maury county against said Looney and complainant. Complainant was not the partner of David Looney at the time tbe note was executed, which was well known to the said John Caruthers at the time the note was made. The bill states that a large amount of the said note is usurious. The bill also states, that the said David Looney & Co. have claims and accounts which they are entitled to set off against said note. It prays for an injunction against the further prosecution of the suit at law, and for general relief.
The defendant filed an answer to the bill; proof was taken, and the cause was brought to hearing on its merits.
The Chancellor was of opinion, that the complainant was not a partner of Looney at the date of the note, and that the obli-gee in said note, John Caruthers, knew, at the time he took the *415 note, that the complainant was not a member of the firm of David Looney & Co.; and thereupon he decreed a perpetual injunction. The defendant appealed to this court.
The question now is, had the Court of Chancery jurisdiction of this cause? It is insisted, that the jurisdiction can be maintained because the bill alledges the contract to be usurious; that it has jurisdiction to enquire into the usury, and having jurisdiction for one purpose, the court will retain the same generally.
It is true, that a court of chancery, having jurisdiction for one purpose to afford relief, will retain the cause generally. But the mere statement, in the bill, of facts, upon which the jurisdiction might be maintained, but which are not proved, and upon which no relief is decreed, will not authorize a decree upon such parts of the bill, as if standing alone would not give the court jurisdiction: much less will the statement of a ground of relief directly contradictory to the grounds of the decree, justify such assumption of jurisdiction.
If the question of jurisdiction were to depend upon such statements in a bill, it would be easy always to evade the objection to the jurisdiction, and force upon courts of equity the cognizance of questions most unfit for their jurisdiction.
In the present case, the question of 'usury and the question whether the complainant was a partner of David Looney, are wholly incompatible. Before the question of usury can be en-quired into, we must assume that the complainant is bound as a party to the note. But the decree pronounces that he was no partner, and consequently excludes the relief for usury; leaving the bill, so far as the question of jurisdiction is concerned, as though the statement about the usury had not been made. ■
2. But it is said the defendant failed to demur, but answered the bill, and brought the cause to hearing on the merits, and that he cannot now object to the want of jurisdiction'.
It is certainly true, that a defendant may often, by answering a bill, waive objections of which he could have availed himself by demurrer. As if he fail to demur for mutifariousness, as in the case of Hinton & Marr vs. Cole, (8 Hump. 356,) *416 he waives the objection- So if there has been a trial at law? and the party failed to avail himself of a defence, of which equity, but for the trial at law, would have had jurisdiction.
The objection to the' jurisdiction of a court of chancery, on account of the trial at law, is waived if the defendant to the bill answer, and bring the case to hearing on the merits!
It is to these, and such like cases, to which the principle insisted on in the argument of the complainant’s counsel applies. But where the subject matter is unfit for a court of equity, and in its nature pf exclusive cognizance in court of law, the answer of a defendant has no effect upon the question of jurisdiction.
This principle was strongly stated by this court, in the case of Hickman vs. Cooke, (3 Hump. 643,) where the court say, “The admission of a party in a suit is conclusive as to matters of fact, or may deprive him of a privilege which, if insisted on, would exempt him from the jurisdiction of the court, but no admission of parties can change the law, or give jurisdiction to a court, of a cause, of which, by the law, it has no jurisdiction.” 6 Bro. Parl. Cases, 575.
In view of these principles, the question recurs, did the Court of Chancery err in entertaining jurisdiction of this bill? And we think most clearly it did.
Stripped of the question of usury, which we have seen, is contradictory to the relief granted, and can give it no aid, the case presents a simple question, whether the complainant was a partner of David Looney; and if he was not, whether the payee in the note was not apprised of that fact when the note was executed.
It is difficult to conceive of a case more peculiarly appropriate for the investigation of a jury, or one more remote from any known head of equity jurisdiction.
The bill must be dismissed without costs, and without prejudice.